IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WELLGEN STANDARD, LLC, | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-00275 |
| | ) | |
| MAXIMUM LEGAL HOLDINGS, LLC, | ) | JUDGE CAMPBELL |
| et al., | ) | MAGISTRATE JUDGE FRENSLEY |
| | ) | |
|    Defendants. | ) | |

## MEMORANDUM AND ORDER

### I. Introduction

Pending before the Court are Plaintiff's Motion to Remand (Doc. No. 5) and Defendants' Opposition to Motion to Remand (Doc. No. 12). After the Motion was filed, the parties engaged in limited discovery on the issue of subject matter jurisdiction based on diversity of citizenship. (Doc. No. 21). The parties have now filed Supplemental Briefs and Exhibits (Doc. Nos. 33, 34, 37, 41, 46, 52, 55) regarding the issue. For the reasons set forth herein, the Motion to Remand (Doc. No. 5) is **DENIED.**

### II. Factual and Procedural Background

According to the Complaint, Plaintiff Wellgen Standard, LLC is the successor in interest to Advocate Capital, Inc. ("Advocate"). Advocate made a loan to Philip Layfield and to the Layfield and Barrett law firm ("L&B") in 2013, and renewed the loan in 2016. The loan was collateralized by legal fees owed to L&B. Mr. Layfield and L&B defaulted on the loan in July 2017, owing more than $3 million in principal and interest. Before default, Plaintiff alleges L&B had begun to use client funds to finance its operations, and in August 2017, certain creditors filed an involuntary bankruptcy petition against L&B in the Bankruptcy Court for the Central District

of California. In December 2017, Advocate obtained a judgment in the District Court for the Central District of California against Mr. Layfield for over $4 million. Plaintiff claims Defendants Joseph M. Barrett and Todd D. Wakefield, and the seven "Maximum" limited liability companies named as defendants are liable for the amounts owing under the loan because they were "alter egos" of L&B. Plaintiff contends these defendants engaged in a fraudulent scheme to transfer L&B's assets to enrich themselves and avoid creditors.

III. Analysis

A. Subject Matter Jurisdiction and Motion to Remand

Before addressing the issue of remand, the Court must determine whether subject matter jurisdiction exists in this case. In the Notice of Removal (Doc. No. 1), Defendants allege subject matter jurisdiction exists based on diversity of citizenship under 28 U.S.C. § 1332. Section 1332 establishes original jurisdiction in the federal courts of all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Subject matter jurisdiction based on diversity is determined as of the date the suit was commenced. *Evanston Ins. Co. v. Hous. Auth. of Somerset*, 867 F.3d 653, 656, 2017 WL 3481865 (6th Cir. 2017) (quoting *Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 571, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004)). For purposes of diversity jurisdiction, a limited liability corporation has the citizenship of each of its members. *Varsity Brands, Inc. v. Star Athletica, LLC,* 799 F.3d 468, 494(6th Cir. 2015).

Plaintiff represents that it is a limited liability company with two members, both of whom are natural persons, and that one member is a resident of Ohio, while the other is a resident of

Tennessee. (Doc. No. 20, at 2). Defendant Barrett's supplemental filings[1] indicate that he resides in California; Defendant Wakefield resides in Utah; and Defendant Maximum Legal Holdings, LLC and Maximum Legal Services LLC are citizens of California or Delaware because Philip Layfield, their sole member, resides in those states.[2] The remaining defendants are wholly-owned direct or indirect subsidiaries of L&B, which is a California corporation with its headquarters in Los Angeles, California.[3] Plaintiff has presented no countervailing evidence on these points. Therefore, as none of the defendants reside in the same states as Plaintiff, complete diversity of citizenship exists in this case.

Through the Motion to Remand, Plaintiff requests the Court remand this action to Davidson County Chancery Court, where it was initiated before being removed to this Court by Defendants Barrett and Wakefield. Plaintiff argues remand is warranted because not all defendants consented to the removal as required by 28 U.S.C. § 1446(b)(2)(A). More specifically, Plaintiffs point out that no consent has been filed by Defendants Maximum Legal Holdings, LLC; Maximum Legal, LLC; Maximum Legal Services, LLC; Maximum Legal Staffing, LLC; Maximum Legal (Florida), PLLC; Maximum Legal (Utah), LLC; and Maximum Legal (Arizona), LLC (hereinafter "the Maximum defendants"). Defendants argue no consent is required by the Maximum defendants because they are nominal defendants in that they are defunct entities, and Plaintiff lacks substantive claims against them.

---

[1] Materials outside the pleadings may be considered, as appropriate, in deciding a motion to remand. *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012).

[2] Mr. Layfield was a resident of Delaware until criminal proceedings were initiated against him in California. (Doc. No. 33-1). He intends to return to Delaware at the completion of those criminal proceedings. (*Id.*)

[3] L&B is currently in bankruptcy, but Plaintiff has presented no evidence, or legal authority, indicating its citizenship has changed.

3

Section 1446(b)(2)(A) provides that, when an action is removed to federal court, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *See Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 516 (6th Cir. 2003) (discussing the "rule of unanimity" derived from statutory language). Although not specifically addressed by the Sixth Circuit, other federal courts have long recognized certain exceptions to the rule for defendants considered to be "nominal" parties. *See Hartford Fire Ins. Co. v. Harleysville Mutual Ins. Co.,* 736 F.3d 255, 259 (4th Cir. 2013). The "'nominal party exception' ensures that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case." *Id.* The exception "helps to prevent a party from overriding congressionally prescribed bases for removal through strategic planning." *Id.* Otherwise, plaintiffs would be allowed "to forum shop between state and federal court," and "[a] defendant with no palpable interest in the case could defeat the rights of those with a real stake." *Id.,* at 262.

The Fourth Circuit has defined the term "nominal party" to mean "a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Id.,* at 260. Other courts have defined the term as describing a defendant for whom there is no real basis for liability. *See, e.g., Farias v. Bexar Cnty. Bd. Of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991); *Beasley v. Wells Fargo Bank, N.A.*, 2017 WL 2670892, at *3 (M.D. Tenn. June 21, 2017). The term has specifically been held to include defunct business entities. *See Maryland v. Exxon Mobil Corp*, ___ F. Supp. 3d ___, 2018 WL 5296045, at *25-26 (D. Md. Nov. 21, 2018) (consent of defunct corporation not required for removal); *Michigan Dep't of Transp. v. Allstate Painting & Contracting Co.*, 2009 WL 891702, at *1 (W.D. Mich. Mar. 31, 2009) (consent of defunct corporation not required for removal); *Shaffer v. Nw. Mut. Life Ins. Co.*, 394 F. Supp. 2d

814, 819 (N.D.W. Va. 2005) (same); *Mayes v. Moore*, 367 F. Supp. 2d 919, 921-22 (M.D.N.C. 2005) (same); *see also Creed v. Virginia*, 596 F. Supp. 2d 930, 934 (E.D. Va. 2009) (example of a nominal party whose consent is not required for removal includes a corporation with no assets or one that is not actively engaged in business); *Blue Mako, Inc. v. Minidis,* 472 F. Supp. 2d 690, 696-97 (M.D.N.C. 2007) (defunct corporation without assets is an example of a nominal party whose consent is not required for removal).

Plaintiff recognizes that nominal parties need not join in the petition for removal, but argues Defendants have not shown the Maximum defendants are actually defunct. In that regard, Defendants have filed the Declaration of Rohit Mishra, who states that he was the head of all information technology infrastructure and systems for multiple entities formed, owned and operated by Philip Layfield from the middle of 2015 until the beginning of 2018. (Doc. No. 12-2, ¶ 2). In 2017, Mr. Mishra states, he served as head of information technology for Maximum Legal, which was the umbrella for the Maximum defendants named in this case. (*Id.* ¶ 6). In that capacity, Mr. Mishra states, he had first-hand knowledge of whether and when those entities began and ended functioning. (*Id.* ¶ 7). According to Mr. Mishra, all of the Maximum defendants "stopped functioning no later than the end of 2017" and became "defunct, non-operating entities." (*Id.* ¶ 8).

Plaintiff has presented no countervailing evidence. Thus, the Court is persuaded that the Maximum defendants are nominal parties for whom consent under Section 1446(b)(2)(A) is not required. As noted above, Defendants Barrett and Wakefield, the remaining defendants, have consented to removal. Therefore, the Court concludes that removal was proper, and Plaintiff's request to remand is without merit.

B. Other Pending Motions

On October 18, 2018, Philip Layfield filed a document in this case titled "Answer, Counter-Claim, and Cross-Claim" (Doc. No. 43). In response, Plaintiff has filed a Motion to Strike (Doc. No. 44), and Defendant Barrett has filed a Motion to Dismiss (Doc. No. 45). Both Motions point out that Mr. Layfield is not a party to this action, and he has not sought, and the Court has not granted permission, to intervene under Federal Rule of Civil Procedure 24. For these reasons, the Court **GRANTS** Plaintiff's Motion to Strike (Doc. No. 44). Accordingly, Defendant Barrett's Motion to Dismiss (Doc. No. 45) is **MOOT.**

Also pending before the Court are Defendant Barrett's Motions to Take Judicial Notice (Doc. Nos. 13, 34, 46), which are **GRANTED**, as unopposed; Defendant Barrett's Motion for Leave to File Reply Brief (Doc. No. 17), which is **GRANTED**; and Defendant Wakefield's Joinder in Wellgen Standard's Motion to Strike (Doc. No. 49), which is **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE